FILED

DEC 14 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              ) Case No. 05-28383-C-7
                                   )
MAGNETIC PULSE, INC.,              ) Dk No. MDM-1
                                   )
         Debtor.                   )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**ON MOTION TO ABANDON PERSONAL PROPERTY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

Findings of Fact

On November 15, 2005, the chapter 7 trustee filed a motion and notice requesting that this court authorize the abandonment of certain personal property back to the debtor. The debtor filed a limited opposition objecting only to whom the property should be delivered. A hearing was scheduled for December 13, 2005, to consider the motion.

69

The trustee's motion requests that the property be delivered to the individual who signed the bankruptcy petition, Errol King. There is, however, a dispute regarding corporate control. It is contended that Mr. King is no longer the President of debtor and that the property to be delivered to the current President, Ehab Al-Hindi.

Conclusions of Law

After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a). Both the trustee and debtor agree that the personal property sought to be abandoned by the trustee is of inconsequential value and benefit to the estate. The context of this being a chapter 7 bankruptcy case for a corporate debtor is material to the analysis. No discharge is permitted. The trustee, in effect, is a mere collection agent armed with trustee avoiding powers.

The question of corporate control is a state law matter that needs to be resolved by courts of competent jurisdiction. This court is not the proper forum for resolving that question.

Consequently, the trustee's motion to abandon personal property is granted effective February 1, 2006. Further, relief from the automatic stay is sua sponte granted to allow the parties to go to state court to obtain a determination as to who controls the corporation. If there is no such determination, the trustee may place the physical

assets at a public place designated by him at 9:00 a.m. on Wednesday, February 1, 2006.

An appropriate order will issue.

Dated: December 14, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Magnetic Pulse, Inc.
4719 Quail Lakes Drive #227
Stockton, CA 95207

Michael McGranahan
P.O. Box 5018
Modesto, CA 95352-5018

Errol King
26220 S. Corral Hollow Rd.
Tracy, CA 95376

Ehab Al-Hindi
4719 Quail Lakes Drive #227
Stockton, CA 95207

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

**\*\*And all other interested parties\*\***

Dated: December ~~14~~ 15, 2005.

_____
Deputy Clerk
R. Lopez